UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20430-COOKE/DAMIAN

UNITED STATES OF AMERICA,

v.

TEDRICK KING,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Tedrick King's ("Defendant" or "King") Motion for Return of Property [ECF No. 193], Motion/Demand for Default Judgment [ECF No. 201], and Motion for Enforcement Grant and Execution of Defendant's Motion for Default Judgment and Return of Seized Property [ECF No. 205] (collectively, the "Motions"). This matter was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge, on behalf of the Honorable Marcia G. Cooke. [ECF No. 206]. *See* 28 U.S.C. § 636(b)(1)(A).

THE COURT has reviewed the Motions and the United States' Response thereto [ECF No. 204] [the "Response"], the pertinent portions of the record, and the relevant legal authorities and is otherwise fully advised in the premises.

**I.    BACKGROUND**

On July 16, 2019, a Grand Jury in the Southern District of Florida returned an indictment charging King with one count of conspiracy to possess with intent to distribute controlled substances (Count 1) and five counts of possession with intent to distribute controlled substances (Counts 2, 3, 4, 5, and 7), in violation of 21 U.S.C. §§ 846, 841(a)(1).

*See* ECF No. 25 (the "Indictment"). King pled guilty to the charges against him in Counts 1 and 7 of the Indictment. [ECF Nos. 75, 86]. As part of the guilty plea, King agreed to the forfeiture of two money counters, a gas grenade, all fireworks seized from his home on July 2, 2019, and $17,564 in U.S. currency. *See* [ECF No. 86 (the "Plea Agreement")] at ¶ 10. In the Motion for Entry of a Preliminary Order of Forfeiture, the United States declared it was not pursing federal judicial forfeiture of the gas grenade or the fireworks. *See* ECF No. 93-1.[1] The Court granted the Motion and ordered the two money counters and $17,564 be forfeited and vested in the United States. [ECF No. 95] at 2. On February 26, 2020, the Court sentenced King to 148 months of imprisonment. [ECF No. 138].

On July 30, 2021, King filed a *pro se* Motion for Return of Property. [ECF No. 193 ("Motion for Return of Property")]. In his motion, King seeks the return of "all seized items of personal property that were not forfeited as part of this case and are still being held by law enforcement." *Id*. at ¶ 4. The requested items include, but are not limited to:

1. Two iPhone 6s (S/N BCGE2946A);
2. iPhone 7 Plus (S/N BCGE3O92);
3. Samsung Camcorder;
4. Five Miccosukee One Casino player cards in the name of Tedrick King;
5. Casino Tickets and documents;
6. Black CAT cell phone;
7. Samsung Galaxy Note 9 cell phone with case (S/N R2KB2KS6RN);
8. Samsung Galaxy Smart Phone (S/N R28J82XL5JX);
9. Two certificates of gold and bank notes;
10. Night Owl DVR system (S/N 566A748682830);
11. Casino statements; and
12. All fireworks previously forfeited.

*Id*. King requests law enforcement return these items to his girlfriend, Ms. Catina Offord. *Id*. at ¶ 5.

---

[1] The fireworks and gas grenade were not included in the Government's Proposed Order or in the Court's Order approving the Motion. [ECF Nos. 93-1, 95].

2

The United States did not file a response. Therefore, on August 6, 2021, the Court entered an order directing the United States to respond to King's Motion. [ECF No. 194]. On August 12, 2021, the United States filed a Motion for an Enlargement of Time to file its response. [ECF No. 196]. In the Motion for Enlargement of Time, the United States indicates that it discussed the Motion for Return of Property with Scott Kerley, the lead FBI agent assigned to King's case, and learned the FBI was holding the seized property for evidence in a pending criminal case against King in the State. *Id*. at ¶ 4. Thus, the United States requested additional time to file its response so it could first determine what property it could return to King and what items law enforcement needed for purposes of the pending State action. *Id*. at ¶ 5. The Court granted that Motion and extended the deadline to respond until August 19, 2021. [ECF No. 197]. However, the United States again failed to file a response within the allotted time.

Due to the United States' failure to file a timely response (or any response), King filed a Motion for Default Judgment on November 23, 2021. [ECF No. 201]. Thereafter, on November 30, 2021, the United States filed a Motion for Leave of Court to File a Response [ECF No. 202], to which the United States attached its proposed Response [ECF No. 202-1] and exhibits thereto, including FBI property receipts, itemizing property seized from King, and an executed Consent to Forfeiture, authorizing forfeiture or destruction of fireworks seized from King. [ECF Nos. 202-2, 202-3, 202-4]. In the Motion for Leave [ECF No. 202], counsel for the United States indicated that the failure to timely respond was the result of oversight by counsel. *Id*. at ¶ 3. On December 16, 2021, the Court granted the Motion for Leave and permitted the United States to file the proposed Response and supporting documents submitted as exhibits to the Motion. [ECF No. 203]. The docket reflects that the

United States was directed to separately re-file its response. *Id*. Two weeks later, on December 30, 2021, the United States finally filed a Response to the Motion for Return of Property. [ECF No. 204]. However, the United States failed to file any exhibits in support of the Response.

On June 14, 2022, King filed another *pro se* motion that essentially functions as a reply to the United States' Response and argues that he is entitled to an order in his favor as a matter of law because the United States failed to respond before the Court-ordered deadline.[2] [ECF No. 205].

## II. LEGAL STANDARD

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion filed after the close of criminal proceedings is treated as a civil action for equitable relief. *United States v. Owen*, 963 F.3d 1040, 1054–55 (11th Cir. 2020); *see also United States v. Martinez*, 241 F.3d 1329, 1330-31 (11th Cir. 2001) (citing six other Circuits in agreement).

To succeed on a Rule 41(g) motion, the movant must first demonstrate that he has a possessory interest in the seized property and that he has "clean hands" with respect to that property. *United States v. Garcon*, 406 F. App'x 366, 369 (11th Cir. 2010) (citing *United States v. Howell* 425 F.3d 971, 974 (11th Cir. 2005). Where the movant's possessory interest in the property is not disputed, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to

---

[2] "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education*.*" *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

retain the property." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (internal quotations omitted). For example, "a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *Garcon*, 406 F. App'x at 369.

District courts have discretion to determine whether the government has made the necessary showing to satisfy its burden of demonstrating it has a legitimate reason to retain the property. *See United States v. Cobb*, 703 F. App'x 879, 883 (11th Cir. 2017) ("The district court has discretion to determine whether the Government has made the necessary showing."). When determining whether the government has satisfied its burden, district courts ought not to rely on representations made by the United States but should instead require "the government to submit at least some evidence" of the property's status. *See Potes Ramirez*, 260 F.3d at 1314 (finding that the government did not meet its burden where it alleged that the property sought was destroyed but filed no supporting affidavits or evidence into the record). If a material issue of fact arises, the plain language of Rule 41(g) requires the court to receive evidence to decide the motion. *United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010); *see also* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion.").

### III.   DISCUSSION

Here, the United States does not dispute that King has an interest in the seized property. However, the United States claims that the government's need for the property as evidence continues because the items King wants returned "are being held in evidence in a state case pending against the Defendant and others in the Eleventh Judicial circuit in Miami-

Dade County under Case Number F19-12796D. . . ." Resp. at 5. The Response indicates that counsel for the United States spoke with the FBI case agent and an Assistant State attorney, both of whom confirmed that there are state charges pending against King, that the items King seeks returned are being held in evidence by the State, and that no trial date has yet been set in the State case. *Id*. The United States also argues that King's request for return of his fireworks should be denied because King voluntarily surrendered his rights to those items. *Id*. at 6.

The Court notes that the Response was not verified, and no supporting affidavits were submitted in support. The only information provided by the United States is counsel's own unsworn representations, which are not evidence. *See United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) ("[S]tatements and arguments of counsel are not evidence."). Nor does the United States explain or provide evidence to support its argument that King voluntarily surrendered his rights to the fireworks in question. It appears the United States may have intended to provide evidence of King's forfeiture of the fireworks but forgot to include the attachment with its filing. *See* Resp. at 6. ("A true and exact copy of the Consent to Forfeiture or Destruction of Property and Waiver of Notice executed by the Defendant and his counsel is attached hereto as Government Exhibit 4."). Despite the failure of the United States to include the exhibit with the Response, the Court located the Consent to Forfeiture in the record as it was previously attached as an exhibit to the Motion for Leave [ECF No. 202-4]. Therefore, the Court will consider the Consent of Forfeiture as evidence that King relinquished his rights to the fireworks and that the property was destroyed.

To satisfy its burden under Rule 41(g), the United States must submit evidence that demonstrates a legitimate reason for retaining or destroying King's property. *Potes Ramirez*,

6

260 F.3d at 1314; *see also Keys v. United States,* No. 3:01CR239 J32HTS, 2006 WL 3747327, at *1 (M.D. Fla. Dec. 18, 2006) (requiring government to submit sworn affidavits and inventory sheets where response to motion for return of property was unsupported by evidence). The United States has been given ample opportunity and time to conduct an investigation and prepare and submit the appropriate information but has failed to do so. Therefore, the United States has not satisfied its burden. *See United States v. Palacios Gonzalez*, 372 F. App'x 996, 999 (11th Cir. 2010) ("Consequently, when the government does not verify its claim that the seized property was destroyed, and there is no evidence in the record to show that the property was actually destroyed, the government fails to meet its burden under Rule 41(g)."). Because the United States fails to provide any evidence to support its reasons for retaining and/or destroying King's property (with the exception of the fireworks), the Court finds that Defendant's Motion for Return of Property should be granted in part.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED and ADJUDGED** that Defendant's Motion for Return of Property [ECF No. 193] is **GRANTED IN PART and DENIED IN PART**. It is further

**ORDERED and ADJUDGED** that no later than August 15, 2022, the United States shall account for and return the following items:

1. Two iPhone 6s (S/N BCGE2946A);
2. iPhone 7 Plus (S/N BCGE3O92);
3. Samsung Camcorder;
4. Five Miccosukee One Casino player cards in the name of Tedrick King;
5. Casino Tickets and documents;
6. Black CAT cell phone;
7. Samsung Galaxy Note 9 cell phone with case (S/N R2KB2KS6RN);
8. Samsung Galaxy Smart Phone (S/N R28J82XL5JX);
9. Two certificates of gold and bank notes;
10. Night Owl DVR system (S/N 566A748682830); and

    11. Casino statements;

It is further

**ORDERED and ADJUDGED** that insofar as King seeks the return of items identified in the Consent to Forfeiture or Destruction of Property and Waiver of Notice [ECF No. 202-4], the Motion is **DENIED**. It is further

**ORDERED and ADJUDGED** that Defendant's Motion/Demand for Default Judgment [ECF No. 201] and Motion for Enforcement Grant and Execution of Defendant's Motion for Default Judgment and Return of Seized Property [ECF No. 205] are **DENIED as moot**.

DONE and ORDERED in Chambers at Miami, Florida, this 18th day of July, 2022.

                                                MELISSA DAMIAN
                                                UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record

    Tedrick King
    18242-104
    Coleman Low
    Federal Correctional Institution
    Inmate Mail/Parcels
    Post Office Box 1031
    Coleman, FL 33521